IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELLA RAE CAMPBELL,)
)
Plaintiff,)
)
-vs-) Civil Action No. 15-930
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since April 24, 2010.[1] (ECF No. 5-6, pp. 2, 4). Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing July 9, 2013. (ECF No. 5-2, pp. 34-73). On October 22, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 19-28).

---

[1] Everyone, including Plaintiff, asserts that she alleges her SSI disability began on April 24, 2010. (ECF No. 10, p. 1; No. 14, p. 1; No. 5-2, p. 19). Plaintiff's application for SSI indicates, however, that her disability began on January 1, 2007. (ECF No. 5-6, p. 4).

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Heightened Duty to Assist *Pro Se* Plaintiff

Plaintiff (who is now represented by counsel) argues that the ALJ failed to discharge his heightened duty to assist the then *pro se* Plaintiff.[2] (ECF No. 10, pp. 14-18). Plaintiff appears to suggest that the ALJ failed to discharge this duty when he did not request a medical opinion from Plaintiff's treating psychiatrist but only requested his records. *Id.* at p. 16. An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). This duty is heightened when a plaintiff is *pro se. Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979). Social Security disability determinations are not

---

[2] I note that Plaintiff was not always *pro se* during the administrative process. In fact, Plaintiff was represented at most times throughout the administrative process (from October 2011 through March of 2013). (ECF No. 5-5, pp. 2, 36).

3

adversarial but, rather, are investigatory or inquisitorial. *Butts v. Barnhart,* 388 F.3d 377, 386 (2004). To that end, "the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Implicit within this 'heightened level of care' is an affirmative obligation to assist the claimant in developing a complete administrative record." *Howe v. Astrue,* No. 12-93, 2013 WL 593975, at *2 (W.D. Pa. Feb. 14, 2013) (citations omitted).

After careful consideration, I find that ALJ developed the record sufficiently to make a determination regarding Plaintiff's mental limitations.[3] Here, the ALJ obtained Plaintiff's longitudinal mental health treatment records, sent Plaintiff for a psychological consultative examination, elicited testimony concerning her mental health treatment, medication, effectiveness of treatment modalities, mental limitations, daily activities, and obtained testimony from a vocational expert. Additionally, the ALJ sought a treating source statement on Plaintiff's mental limitations, though one was not provided. (ECF No. 5-16, p. 17). Moreover, there was an opinion from a state agency psychologist. Thus, I find the ALJ met his heightened duty to develop the record in this case and there was ample evidence upon which the ALJ could render his decision. *See,* ECF No. 5-2, pp. 19-28.

Plaintiff suggests, however, that the records from her most recent treatment records were never evaluated by a psychologist because they occurred after the state agency review. (ECF No. 10, p. 17). An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the

---

[3]Plaintiff's argument is limited to alleged errors associated with her mental limitations. (ECF No. 10). Thus, I have limited my opinion accordingly.

Listing,' is an update to the report required. SSR 96–6p.). Plaintiff does not argue that there was subsequent additional medical evidence that would change the state agency doctor's opinion or result in unfairness. (ECF No. 10, p. 17). Thus, I find the ALJ appropriately considered said opinion evidence and the lapse in time in this case does not warrant remand.

      **C.      Duty to Recontact**

Plaintiff next argues that the ALJ should have recontacted Plaintiff's treating psychiatrist, Dr. Gheorghiu, to resolve ambiguities in his records. (ECF No. 10, pp. 18-19). Specifically, Plaintiff suggests that there was an ambiguity or inconsistency between Plaintiff's low assessed GAF scores and his assessment that Plaintiff's bipolar condition was mild. *Id.* After a review of the record, I disagree.

Effective March 26, 2012, an ALJ will resolve inconsistent evidence,[4] including any medical opinions, by weighing the relevant evidence to see whether he/she can determine whether the claimant is disabled based on that evidence. 20 C.F.R. §§404.1520b(b); 416.920b(b). An ALJ may only consider recontacting a treating physician, where the evidence is consistent but there is insufficient evidence to determine whether a claimant is disabled or after weighing the evidence the ALJ cannot reach a conclusion about whether a claimant is disabled. 20 C.F.R. §§404.1520b(c); 416.920b(c). The ALJ, however, is not obligated to do so. *Id.*

In this case, Plaintiff argues that the evidence from Dr. Gheorghiu is inconsistent. (ECF No. 10, pp. 18-19). Thus, under the current regulations, the ALJ was required to weigh the evidence as is. This is exactly what the ALJ did and he was able to arrive at a determination regarding Plaintiff's disability. *See,* ECF No. 5-2, p. 25. Therefore, the ALJ did not err by not recontacting Dr. Gheorghiu. Consequently, remand is not warranted on this basis.

---

[4]Evidence is considered to be "inconsistent when it conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques." 20 C.F.R. § 404.1520b

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELLA RAE CAMPBELL, )
 )
        Plaintiff, )
 )
-vs- ) Civil Action No. 15-930
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge